```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-21794-CIV-LENARD
                                    MAGISTRATE JUDGE P. A. WHITE

RYAN JOSEPH,                        :

     Plaintiff,                     :

v.                                  :
                                        PRELIMINARY REPORT
JORGE PASTRANA,                     :   OF MAGISTRATE JUDGE

     Defendant.                     :
_____
```

I.  Introduction

The plaintiff Ryan Joseph, presently incarcerated at the FCI-Miami, has filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens")[1].  [DE# 1].  The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights.  In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right.  Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.  "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on

this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide

3

the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).[2]

---

[2] Despite recent Supreme Court decisions apparently to the contrary, the Eleventh Circuit still applies a "heightened pleading" standard to complaints alleging §1983 claims against entities who may raise qualified immunity as a defense such as government officials sued in their individual capacities. The Eleventh Circuit recently acknowledged that "[t]he use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity . . . ." <u>Weissman v. National Association of Securities Dealers, Inc.</u>, 500 F.3d 1293, 1309 n.6 (11 Cir. 2007)(Tjoflat, J., dissenting opinion, criticizing the majority opinion for utilizing a liberal pleading standard). In <u>Jones v. Bock</u>, 127 S.Ct. 910 (2007), the Supreme Court invalidated a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure. Significantly, the Supreme Court stated that "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." The Court explained that heightened pleading requirements can only be established through the legislative process, and noted that the Court had previously rejected the use of a heightened standard in §1983 suits against municipalities (such as <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993)), a similar standard used in employment discrimination suits (<u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002)) and in a death penalty case (<u>Hill v. McDonough</u>, 126 S.Ct. 2096 (2006)(unanimously rejecting a proposal that §1983 suits challenging a method of execution must identify an acceptable alternative: "Imposition of heightened pleading requirements, however, is quite a different matter. Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-
(continued...)

The plaintiff alleges that on February 6, 2008 Warden Pastrana ordered that he be removed from his position working in the prison commissary in retaliation for filing several grievances against Pastrana in September, 2007 concerning the time of lockdown,

---

[2](...continued)
by-case determinations of the federal courts.")). In <u>Bell Atlantic Corp. v. Twombly</u>, <u>supra</u>, the Supreme Court held that a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements). In <u>Erickson v. Pardus</u>, <u>supra</u>, the Supreme Court vacated the Tenth Circuit's dismissal of a §1983 case at the motion to dismiss stage based on a failure in the pleadings, emphasizing that Rule 8(a)(2) requires only a short and plain statement, and accentuating that a departure from the liberal pleading standards set forth in Rule 8(a)(2) is particularly troublesome when the plaintiff is <u>pro se</u>, as <u>pro se</u> pleadings are to be liberally construed. Interestingly, the Eleventh Circuit has never cited the <u>Erickson</u> case.

The <u>Jones v. Bock</u>, <u>Twombly</u> and <u>Erickson</u> Courts have once again reiterated, as the Supreme Court unanimously held in <u>Leatherman</u>, <u>Swierkiewicz</u>, and <u>Hill</u>, that adopting a different and more onerous pleading standard in particular types of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts. The District of Columbia Circuit has recently noted that the Supreme Court "has continually pruned back [heightened pleading] requirements, with the admonition that we are not to impose heightened pleading requirements." <u>Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.</u>, ___ F.3d. ___ (D.C. Cir. April 29, 2008). Some district courts in the Eleventh Circuit continue to apply a "heightened pleading" standard, justifying its use on the flawed premise that the Supreme Court specifically ruled that district courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. §1983 against municipal entities but declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities. <u>See, e.g.</u> <u>Gene Martin Auto Sales, Inc. v. Davis</u>, 2008 WL 1990003(M.D.Ala. 2008). The "flaw" in this logic is the fact that the Supreme Court has not indicated that qualified immunity might warrant an exception to the general approach, the explicit disclaimer of a heightened pleading standard in <u>Twombly</u>, and <u>Erickson</u>'s reversal of the Tenth Circuit's use of a heightened pleading standard in case against individual state actors who might be entitled to qualified immunity.

5

placement in a halfway house, triple bunking and other matters, in violation of his First Amendment rights.

Retaliation by prison officials against an inmate for filing administrative grievances is cognizable in a civil rights suit for damages.  <u>Wildberger v. Bracknell</u>, 869 F.2d 1467 (11 Cir. 1989). Under certain circumstances, such retaliation may violate both the inmate's right of access to the courts and/or his First Amendment rights.  <u>Wright v. Newsome</u>, 795 F.2d 964, 968 (11 Cir. 1986).

In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for different reasons, would have been proper. <u>Adams v. James</u>, 797 F.Supp. 940, 948 (M.D. Fla. 1992) (citing <u>Mount Healthy City School Dist. Bd. of Education v. Doyle</u>, 429 U.S. 274, 283 (1977)).  A claim of retaliation is a question of causation, and the test applied in the "free world" context is a "but for" analysis.  <u>Adams</u>, <u>supra</u>, 797 F.Supp. at 948 ("but for" the retaliatory motive, the incidents to which the plaintiff refers would not have taken place).

In the prison context at least one Circuit has applied the "but for" standard to inmate claims of retaliation. <u>See</u> <u>McDonald v. Hall</u>, 610 F.2d 16, 18 (1 Cir. 1979). The Eleventh Circuit, however, has declined to follow the "but for" analysis in the context of prisoner retaliation suits, "to the extent that the 'but for' test places a greater burden of proof on the inmate." <u>Adams v. Wainwright</u>, 875 F.2d l536, 1537 (11 Cir. 1989). Instead, the analysis applied in this Circuit to a prisoner retaliation claim requires a "mutual accommodation" between the penal institution's legitimate needs and goals and the prisoner's retained constitutional rights, under the "reasonableness" test set forth in

Turner v. Safley, 482 U.S. 78 (1987). Adams v. James, supra, at 948.

Certain means of "retaliation" may be so de minimis as not to inhibit or punish an inmate's rights of free speech. Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response. Borrowing from Johnson v. Glick, 481 F.2d 1028, 1033 (2 Cir.), cert. denied sub nom. Employee-Officer John, # 1765 Badge Number v. Johnson, 414 U.S. 1033 (1977), Graham v. Connor, 490 U.S. 386, 396 (1989), notes that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. Similarly, not every unnecessary statement of a prison guard regarding an inmate's exercise of free speech violates the First Amendment. By developing a standard of de minimis actions, courts can screen out frivolous or non-meritorious claims of retaliation during the in forma pauperis complaint review under 28 U.S.C. § 1915. In other words, the plaintiff must demonstrate that he suffered more than a de minimis inconvenience. American Civil Liberties Union of Maryland v. Wicomico County, 999 F.2d 780, 786 (4 Cir. 1993); see also Bart v. Telford, 677 F.2d 622, 625 (7 Cir. 1982)("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech [is] always actionable. . . .").

In this case, the plaintiff has sufficiently stated a constitutional claim of retaliation against Pastrana. He claims that Pastrana took an adverse action against because he engaged in protected activity. It is therefore recommended that this claim remain pending against Pastrana in his individual capacity, as the factual allegations meet the Twombly or any heightened pleading standard.

7

III.  Conclusion

Based on the foregoing, it is recommended that the Complaint proceed on the allegation that Pastrana violated the plaintiff's First Amendment rights.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 19th day of July, 2008.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE


cc:   Ryan O'Neil Joseph, Pro Se
      No. 84729-020
      Federal Correctional Institution-Miami
      P. O. Box 779800
      Miami, FL 33177