UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-21794-CIV-LENARD
                                    MAGISTRATE JUDGE P. A. WHITE

RYAN JOSEPH,                        :

     Plaintiff,                     :

v.                                  :
                                              REPORT OF
JORGE PASTRANA,                     :       MAGISTRATE JUDGE

     Defendant.                     :
_____


     This Cause is before the Court upon the plaintiff's Motion for Emergency Preliminary Injunction. [DE# 20].

     The plaintiff Ryan Joseph, presently incarcerated at the FCI-Miami, is proceeding on a pro se civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens")[1]. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

---

     [1]    Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

The plaintiff alleges that on February 6, 2008 Warden Pastrana ordered that he be removed from his position working in the prison commissary in retaliation for filing several grievances against Pastrana in September, 2007 concerning the time of lockdown, placement in a halfway house, triple bunking and other matters, in violation of his First Amendment rights. [DE# 1].  Following a Preliminary Report, the Honorable Joan A. Lenard issued an Order permitting this case to proceed on the allegation that Pastrana violated the plaintiff's First Amendment rights. [DE# 15].  The defendant has not yet filed a responsive pleading.

The plaintiff now seeks a preliminary injunction prohibiting FCI-Miami from implementing its pilot TRULINCS program.  The plaintiff argues that TRULINCS, among other functions, requires that all outgoing inmate mail have a printed label.  He claims that because the system is not functioning properly, it is possible that his telephone list and addresses may get deleted and there may be a delay in complying with court deadlines.

District courts may grant preliminary injunctive relief if the movant shows the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the damage the injunction would cause the non-movant; and (4) the injunction would not be adverse to the public interest. <u>Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205, 1210 (11 Cir. 2003); <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11 Cir. 1996).  The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the movant must show actual success on the merits instead of a likelihood of success on the merits. <u>Siegel v. Lepore</u>, 234 F.3d 1163, 1213 (11 Cir. 2000).  The movant must

demonstrate irreparable injury and the absence of an adequate remedy at law.  Id.

Joseph has failed to demonstrate that he is entitled to preliminary injunctive relief.  First, he has failed to show a substantial likelihood of success on the merits.  This allegation is not the subject of the pending complaint.  In any event, the plaintiff has failed to state a claim of unconstitutional denial of access to the courts.  Prisoners do have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983).

To sufficiently allege a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992).  To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won.  Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In the case of Lewis v. Casey, supra, the Supreme Court made clear that not just any prejudice will suffice.  In Lewis, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved.  Id. at 349-353.  It is not sufficient to merely allege, for example, the denial of access to a law library, even if the denial is ongoing in nature.  Id., at 353 n.4. The Court also

stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." Id., at 354.  Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, Id., or in a civil rights action in which he sought "to vindicate 'basic constitutional rights.'" Id. at 354 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

    In this case, the plaintiff has failed to allege any facts which show that he has suffered any actual prejudice due to the alleged malfunctioning of the TRULINCS system.  He simply raises a purely speculative fear that, should the system not function properly, he may miss a court deadline.  An injunction is not warranted based on this hypothetical situation where a court filing may be delayed, which would be unlikely to cause prejudice to this incarcerated plaintiff who would be able explain any tardiness to the court.

    Second, Joseph falls far short of demonstrating that irreparable injury would result if the preliminary injunction were denied.  As stated above, any injury is merely speculative and any delay in a court filing is likely to be excused given courts' leniency with incarcerated individuals.   In addition, any threatened injury is unlikely and would not be outweighed by the intrusive nature of a court order into the daily operations of a federal prison.

    Based on the foregoing, it is recommended that the plaintiff's Motion for Emergency Preliminary Injunction [DE# 20] be denied.

    Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 10th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ryan O'Neil Joseph, <u>Pro Se</u>
No. 84729-020
Federal Correctional Institution-Miami
P. O. Box 779800
Miami, FL 33177