```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-21794-Civ-LENARD
                                    MAGISTRATE P. A. WHITE
RYAN JOSEPH,                    :

          Plaintiff,            :

v.                              :           REPORT OF
                                          MAGISTRATE JUDGE
JORGE PASTRANA,                 :

          Defendant.            :
_____
```

In this civil rights action, pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), plaintiff Joseph filed a *pro se* complaint alleging he was subjected to retaliation by defendant Pastrana, the Warden of FCI Miami. Joseph alleges that Pastrana had him fired from his prison job at the FCI Commissary, and that his dismissal from the position was in retaliation for grievances that Joseph had previously submitted.[1]

**This Cause is before the Court upon Pastrana's motion to dismiss, or in the alternative for summary judgment (DE#24)** with supporting exhibits, consisting of Declarations by Ruth Wombacher (DE#24-2) and Karen Taylor (DE#24-3). The plaintiff Joseph was informed that the motion, with exhibits, is being treated as a motion for summary judgment, and was advised of his right to file a response in opposition. (<u>see</u> Order of Instructions, DE#26); and

---

[1] Retaliation by prison officials against an inmate for filing lawsuits or administrative grievances is cognizable in a civil rights suit for damages, <u>Wildberger v. Bracknell</u>, 869 F.2d 1467 (11 Cir.1989) (retaliation for filing administrative grievances); <u>Adams v. Wainwright</u>, 875 F.2d l536 (11 Cir. 1989)(retaliation for filing lawsuits). See <u>Sepulveda v. Burnside</u>, 170 Fed.Appx. 199, 123; 2006 WL 615966, at *3 (11 Cir., March 13, 2006)(Bivens action; holding that "a prisoner can establish retaliation by demonstrating that the prison official's actions were 'the result of having filed a grievance concerning the conditions of his imprisonment'")(quoting <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11 Cir. 2003). Mere verification of a party's own conclusory allegations, however, is not sufficient to oppose a motion for summary judgment, <u>Adams v. James</u>, 797 F.Supp. 940, 944 (M.D.Fla. 1992) (citing <u>Fed.R.Civ.P.</u> 56(e); and <u>Fullman v. Graddick</u>, 739 F.2d 553, 557 (11 Cir. 1984)). Prisoner retaliation claims must be factual, and mere conclusory allegations of unconstitutional retaliation will not suffice. <u>Adams</u>, <u>supra</u>, 797 F.Supp. at 948 (citing <u>Frazier v. Dubois</u>, 922 F.2d 560, 562 n. 1 (10 Cir. 1990). See <u>Cooper v. Ellsworth Correctional Work Facility</u>, 817 F.Supp. 84, 86 (D.Kan.), <u>aff'd</u>, 2 F.3d 1160 (10 Cir. 1993) and cases cited therein.

Joseph has filed a two-page Response (DE#29).[2]

---

[2] Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interroga-
> tories, and admissions on file, together with the
> affidavits, if any, show that there is no genuine
> issue as to any material fact, and that the moving
> party is entitled to judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to
> establish the existence of an element essential to
> that party's case, and on which that party will bear
> the burden of proof at trial.  In such a situation,
> there can be 'no genuine issue as to any material
> fact,' since a complete failure of proof concerning an
> essential element of the non-moving party's case
> necessarily renders all other facts immaterial. The
> moving party is 'entitled to judgment as a matter of
> law' because the non-moving party has failed to make a
> sufficient showing on an essential element of her case
> with respect to which she has the burden of proof.
> (citations omitted)

Thus, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir.1990).If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir.1987). If the evidence pre-sented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971

In his motion (DE#24), defendant Pastrana argues that he is entitled to summary disposition of the complaint, in his favor, on two grounds. First, Pastrana argues that the complaint is subject to dismissal because the inmate plaintiff Joseph failed to fully exhaust his available administrative remedies before filing suit in federal Court, as required under the administrative exhaustion provision of the Prison Litigation Reform Act of 1995 ("PLRA"), which is codified at 42 U.S.C. §1997e(a). Pastrana alternatively argues that the plaintiff fails to state a claim for retaliation.[3]

For reasons further discussed, below, it is apparent that the Court, pursuant to the statutory mandate of the PLRA, and the case law interpreting §1997e(a), must dismiss this case because inmate Joseph did not exhaust his available administrative remedies before seeking relief in federal court. To treat the complaint otherwise would create a loophole which would undermine the statute. In light of this recommendation, any detailed discussion regarding the merits, and defendants' alternative defenses, is not warranted.

As enacted on April 26, 1996, the PLRA significantly altered a prisoner's right to bring civil actions in forma pauperis, and in pertinent part places new restrictions on a prisoner's ability to seek federal redress concerning the conditions of his confinement.

---

F.2d 1558 (11 Cir.1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

Pursuant to Brown v. Shinbaum, 828 F.2d 707 (11 Cir. 1987), the Order of Instructions to Pro Se Plaintiff Concerning Response to Motion for Summary Judgment (DE#26) was entered to inform the *pro se* plaintiff of his right to respond to the defendant's motion for summary judgment, and to instruct him regarding requirements under Fed.R.Civ.P. 56 for a proper response to such a motion.

[3]  Pastrana submits the Declaration of Karen Taylor, Trust Fund Supervisor at FCI Miami, whose duties include supervision of the institution's commissary operations. Taylor's declaration indicates that during two periods of incarceration at FCI Miami, Joseph had worked in the commissary for a total of 4 years and 4 months, first from March 2001 to September 2003, and again from March 2005 to February 2008. Joseph Taylor's Declaration indicates that Joseph was removed from the job by her, upon Warden Pastrana's instructions, because the Warden had noted that Joseph had been working in the position too long, and told Taylor to ensure that all inmates working in the commissary were rotated so that they were not working in that position for extended periods of time.

Title 42 U.S.C. §1997e, entitled Suits by Prisoners, provides, in pertinent part, as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As a federal prisoner who has filed suit pursuant to Bivens, the plaintiff Joseph's claim of retaliation cannot be brought against the defendant in the federal forum unless he has first exhausted his federal administrative remedies, 28 C.F.R. §542.10 et seq.; and where such administrative remedies have not been exhausted, the defendants are correct in arguing that claims are subject to dismissal pursuant to 42 U.S.C. §1997e. Irwin v. Hawk, 40 F.3d 347 (11 Cir. 1994); Irwin v. Quinlan, 791 F.Supp. 301, 302 (S.D.Ga. 1992) (citing Pyles v. Carlson, 698 F.2d 1131, 1132 (11 Cir. 1983)). Both before and following enactment of the PLRA, and the amendment of 42 U.S.C. §1997e, the requirement that a federal prisoner must exhaust his or her remedies available within the prison system before bringing suit in federal court has been held to apply regardless of whether the prisoner's claims seek injunctive relief, monetary relief, or both. Terrell v. Brewer, 935 F.2d 1015, 1019 (9 Cir. 1991); Irwin v. Quinlan, supra; Alexander v. Hawk, 159 F. 3d 1321, 1325-26 (11 Cir. 1998); Massey v. Helman, 35 F.Supp.2d 1110, 1112-14 (C.D.Ill. 1999); Fortes v. Harding, 19 F.Supp.2d 323, 324-26 (M.D.Pa. 1998).

The administrative remedy procedure for federal prisoners is set forth at 28 C.F.R. §542.10, et seq. It is a three-level process in which the prisoner's complaint must be initiated at the prison, and if denied must be appealed successively to the Regional Director and General Counsel of the Bureau of Prisons. First the inmate must file form BP-9 with the warden of his institution. If dissatisfied with the response, the inmate can appeal, using form BP-10, to the Regional Director. The inmate can further appeal using form BP-11, to the General Counsel in the Bureau of Prisons Central Office. Administrative remedies have not been exhausted

4

until the inmate's claim has been filed at all levels and has been denied at all levels. See 28 C.F.R. §§542.10 - 542.16.

The kind of claim raised by the plaintiff in this case comes under the purview of the statute.[4]

The Courts have made clear that §1997e(a), as amended, requires a prisoner to have exhausted those administrative processes which are available to him <u>before</u> bringing suit on a claim in federal court. <u>Alexander v. Hawk</u>, 159 F.3d 1321 (11 Cir. 1998); <u>Booth v. Churner</u>, 532 U.S. 731, 736-41 (2001) (holding that "one 'exhausts' processes, not forms of relief..."); <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11 Cir. 1999) (incarcerated state prisoner must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under §1983); <u>Harper v. Jenkin</u>, 179 F.3d 1311, 1312 (11 Cir. 1999) (where a grievance was not timely filed, an appellant must have sought leave to file an out-of-time grievance, and if he has not done so before bringing suit, then his administrative remedies will be considered unexhausted, since to find otherwise would allow inmates to simply ignore the PLRA's exhaustion requirement and still gain access to federal court).

Thus, the Courts have held that satisfaction of the PLRA exhaustion requirement serves as a threshold issue, since the statutory mandate requires an inmate/prisoner must have fully exhausted the administrative remedies/processes which are available to him or her, <u>before</u> bringing suit on a claim in federal court, regardless of the form of relief that the administrative process makes

---

[4] The types of claims which fall within the purview of the statute are not limited to physical conditions encountered within the inmate's cell such as heating or cooling, limited space, or squalor. The Courts have held that a wide spectrum of claims constitute "prison conditions" for purposes of §1997e. This includes allegations of medical indifference, use of excessive force, and retaliation. <u>See</u>: <u>Allen v. Vaugner</u>, No. 2:07-CV-90-ID, 2009 WL 857000 (M.D.Ala., March 26, 2009) (<u>Bivens</u> action, alleging retaliation, dismissed pursuant to 42 U.S.C. §1997e(a), for lack of exhaustion); <u>Harper v. Jenkin</u>, 179 F.3d 1311 (11 Cir. 1999) (prisoner medical claims); <u>Booth v. Churner, et al.</u>, 206 F.3d 289 (3 Cir. 2000) (case involving excessive force by guards; in which the Court held that for purposes of the PLRA, conditions of confinement-- in addition to complaints about things such as overcrowding, inadequate medical facilities, and inadequate law library facilities -- also include denial of food, denial of heating, and denial of medical attention, because all such actions "affect the lives of prisoners similarly," and "make their lives worse").

5

available. See Booth, supra 532 U.S. at 736-41; Higginbottom v. Carter, 223 F.3d 1259 (11 Cir. 2000); Miller, supra, 196 F.3d at 1193; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999); Harper, supra, 179 F.3d at 1312; Alexander, supra, 159 F.3d at 1325-26.

The Eleventh Circuit and Supreme Court have outlined policy concerns underlying the exhaustion requirement, which are served when inmates are not permitted to simply ignore the PLRA's exhaustion requirement, and yet gain access to federal court.[5]

Even when an inmate argues that it would be futile for him to attempt to exhaust the administrative processes which are available as part of an established inmate grievance procedure, that does not excuse the inmate/plaintiff's failure to comply with the statutory requirement that he do so.[6]

---

[5] The Eleventh Circuit has described seven policy reasons for favoring an exhaustion requirement: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures. Alexander v. Hawk, supra, 159 F.3d at 1327; Johnson v. Meadows, 418 F.3d 1152, 1156 (11 Cir. 2005). The Supreme Court, in 2002, observed that the current exhaustion requirement under §1997e(a) was designed to reduce the quantity and improve the quality of prisoner suits, and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case; and in some instances, corrective action taken in response to a grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Porter v. Nussle, 534 U.S. 516, 516-17 (2002). The Court further noted that in other instances, the internal review might filter out some frivolous claims; and for cases ultimately brought to court, an administrative record clarifying the controversy's contours could facilitate adjudication. Id. at 517.

[6] The term "available," as used in Section 1997e(a), does not mean that inmates must only exhaust their administrative remedies if the type of relief they seek is "available" within the administrative apparatus; instead, the term means that a prisoner must exhaust all administrative remedies that are available before filing suit, regardless of their adequacy. Alexander v. Hawk, supra at 1325-26; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999). This means that an inmate who is seeking money damages as relief from defendants in a lawsuit must exhaust all of his administrative remedies before filing suit, even if money damages are not available as relief through the jail or prison grievance procedure. Alexander, supra; Moore v. Smith, 18 F.Supp.2d 1360, 1364 (N.D.Ga. 1998). The Supreme Court has explained that "available" refers to the "possibility of some relief for the action complained of." Booth v. Churner, 532 U.S. 731, 738 (2001); Hall v. Richardson, 144 Fed.Appx. 835,

In this case, the defendant Pastrana correctly argues in his motion (DE#24, pp.4-6) that plaintiff Joseph failed to exhaust his available administrative remedies before bringing this §1983 action in federal court. This is demonstrated through the Affidavit of Ruth Wombacher, which establishes the following. In regard to his removal from the job in the Commissary, Joseph filed a BP-9 administrative remedy form at the institutional level on May 21, 2008, which was denied on May 30, 2008. Joseph then filed a BP-10 administrative remedy appeal to the Regional Director's Office on June 20, 2008, which was denied on July 3, 2008. Joseph did not thereafter pursue the third, required, step in the administrative remedy procedure, which mandates that he must have pursued an appeal to the Office of the General Counsel.

Defendant's assertion that Joseph failed to fully exhaust his administrative remedies is further supported by Joseph's own admis-

---

836, n.2 (11 Cir. 2005) (citing Booth, for the Court's definition of "available" in the context of §1997e(a)).

The Eleventh Circuit has held that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA," Alexander v. Hawk, supra, 159 F.3d at 1325-26; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999). Where exhaustion is now a precondition to suit "the courts cannot simply waive those requirements where they determine that they are futile or inadequate," since "such an interpretation would impose an enormous loophole in the PLRA which Congress clearly did not intend," and because "[m]andatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply," Alexander, supra, at 1326 [citing, Weinberger v. Salfi, 422 U.S. 749, 766 (1975) (holding that where exhaustion is a statutorily specified jurisdictional prerequisite, "the requirement...may not be dispensed with merely by a judicial conclusion of futility")]. Cf. Qawi v. Stegall, et al., 211 F.3d 1270 [table case, published on Westlaw], No. 98-1402, 2000 WL 571919, at *1-2 (6 Cir. (Mich) May 3, 2000) (Circuit Court affirming district Court's dismissal of the complaint for lack of exhaustion, and noting that the dismissal was appropriate even though by time of the appeal the plaintiff's administrative remedies might have become time-barred) (citing Hartsfield v. Vidor, 199 F.3d 305, 309 (6 Cir. 1999); and Wright v. Morris, 111 F.3d 414, 417, n.3 (6 Cir. 1997)). Even an inmate's transfer from an institution does not remove the requirement that he/she pursue and exhaust administrative remedies concerning events which occurred at the institution prior to the inmate/prisoner's transfer. See Hall v. Richardson, 144 Fed.Appx. 835, 836, n.2 (11 Cir. 2005) (in case where plaintiff argued on appeal that he could not exhaust his administrative remedies because he was transferred from the institution where the alleged violations occurred, that he could no longer pursue exhausting his remedies through the administrative process, and that the transfer should be deemed to have removed the exhaustion requirements, the Appellate Court, upon affirming the district Court's dismissal pursuant to §1997e(a), rejected the plaintiff's arguments, and in doing so noted that incidents he complained of had occurred in December 2000 and December 2001, but he was not transferred until February 28, 2002, and therefore he had not exhausted his administrative remedies when he had the opportunity to do so).

sion in his Response (DE#29). Therein, inmate Joseph states that he had filed a related action in Case No. 08-21670-Civ-COOKE. He urges that this case [No. 08-21794-Civ-LENARD] should not be dismissed, and that it should instead be consolidated with the lower numbered case. With regard to his failure in this case to comply with the pre-suit exhaustion requirement under §1997e(a), the plaintiff states only that he "was unable to assert all of his claims in the instant action because he was delayed by his need to exhaust administrative remedies relating to the other claims." (DE#29).

The lower numbered case, No. 08-21670-civ-COOKE, was dismissed for reasons discussed in the Report (DE#25) and Order (DE#27) which were entered in that matter. As for the present case, No. 08-21794-Civ-LENARD, the complaint (DE#1 -- which is signed and dated June 5, 2008, and was received and docketed by the Clerk of Court on June 24, 2008) was prematurely filed. Joseph, in an attempt to circumvent the required, established administrative exhaustion procedure, proceeded to file his complaint in this Bivens action before completely exhausting his available administrative remedies at all three levels (BP-9, BP-10, and BP-11).

It is therefore recommended that: 1) the defendant's motion for summary judgment (DE#24) be granted, based on the threshold defense that plaintiff Joseph failed to satisfy the requirement under 42 U.S.C. §1997e(a), i.e., that he must have exhausted all of his available administrative remedies under 28 C.F.R. §542.10, et seq., before bringing suit in federal court; and 2) this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: April 23rd, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Ryan Joseph, Pro Se
     Reg.No. 84720-020
     FCI Miami
     Inmate Mail/Parcels
     P.O. Box 779800
     Miami, FL 33177-0200

Anthony Pogorzelski  
Assistant United States Attorney  
U.S. ATTORNEY'S OFFICE  
99 N.E. 4th Street, Third Floor  
Miami, FL 33132