UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21794-CIV-LENARD/WHITE

**RYAN JOSEPH**,

    Plaintiff,

vs.

**JORGE PASTRANA,**

    Defendant.

_____/

**<u>ORDER ADOPTING REPORT OF THE MAGISTRATE JUDGE (D.E. 35);
GRANTING MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT (D.E. 24); AND CLOSING CASE</u>**

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Patrick A. White ("Report," D.E. 35), issued on April 23, 2009. In his Report, Magistrate Judge White recommends that the Court grant Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment (D.E. 24). Plaintiff filed his Objections to the Report on May 20, 2009 (D.E. 42). Having reviewed the Report, the Objections, and the record, the Court finds as follows.

    **I.**    **Background**

On June 24, 2008, Plaintiff filed his Complaint pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging unlawful retaliation by Defendant Jorge Pastrana, Warden of FCI Miami. Plaintiff had signed the Complaint on June 5, 2008. (<u>See</u> D.E. 1 at 4.)

On November 10, 2008, Defendant moved to dismiss the Complaint, or, in the

alternative, for summary judgment. (See D.E. 24.)

On April 23, 2009, Magistrate Judge White entered his Report, recommending that the Complaint be dismissed for failure to exhaust administrative remedies. (See D.E. 35.)

Plaintiff filed his Objections on May 20, 2009. Therein, Plaintiff contends that he failed to exhaust his administrative remedies because he did not receive the denial of his intermediate administrative appeal until the time to file an appeal to that denial had already expired. Plaintiff contends he filed the appeal anyway.

**II.     Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. §1997 e(a) (1996)) mandates federal prisoners exhaust their administrative remedies prior to filing civil actions in federal court. See, e.g., Booth v. Churner, 532 U.S. 731, 733-734 (2001). Exhaustion is required for, "[a]ll action[s] . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." Porter v. Nussle, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532. Thus, federal prisoners suing under Bivens must first exhaust inmate grievance procedures, just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit. See, e.g., O'Brien v. Seay, 263 Fed. Appx. 5, 8 (11th Cir. 2008); Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Where an inmate fails to exhaust administrative remedies prior to bringing suit, the case must be dismissed. Davis v. United States, 272 Fed. Appx. 863, 865-66 (11th Cir. 2008) (affirming dismissal of prisoner's complaint for failure to exhaust); Martinez v. Minnis, 257 Fed. Appx. 261, 265 (11th Cir. 2007) (same); Alexander, 159 F.3d at 1325 (same); see Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (remanding the case "with directions that the district court dismiss [plaintiff's] action for failure to exhaust administrative remedies" where an inmate filed his administrative grievance out-of-time without good cause).

Administrative remedies must be exhausted before filing suit in federal court. See, e.g., O'Brien, 263 Fed. Appx. at 8 ("Under the PLRA, a confined prisoner must exhaust all administrative remedies available before filing a federal action with respect to prison conditions."). Futility and the inadequate nature of administrative remedies do not obviate exhaustion. Porter, 534 U.S. at 524; Alexander, 159 F.3d at 1325; see Booth, 532 U.S. at 741 ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Recently, the Supreme Court reiterated that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v Bock, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007), (citing Porter, 534 U.S. at 524).

The Bureau of Prisons ("BOP") has established a grievance procedure, which consists of four sequential levels, for prisoner complaints. 28 C.F.R. §§ 542.10-542.19.  First, a

prisoner must seek resolution of the issues through informal grievance using Form BP-8. 28 C.F.R. § 542.13(a). If unsuccessful, a prisoner may then file a BP-9 formal written complaint with the institution within twenty calendar days following the date on which the incident occurred. 28 C.F.R. § 542.14(a). Next, a prisoner may appeal the institution's decision by filing a BP-10 grievance with the Regional Director. 28 C.F.R. § 542.15. Finally, a prisoner may appeal the Regional Director's response by filing a BP-11 grievance with the central office's General Counsel for the BOP. 28 C.F.R. § 542.15(a).

The undisputed facts of this case are that Plaintiff filed a BP-9 with FCI Miami on May 21, 2008. Defendant denied his BP-9 on May 30, 2008. Plaintiff filed a BP-10 with the Regional Director's Office on June 20, 2008. The Regional Director denied his BP-10 on July 3, 2008. Plaintiff filed his Complaint on June 24, 2008, and signed it as early as June 5, 2008. (See D.E. 1 at 4.) Accordingly, before his BP-10 was even denied, and prior to any possible filing of a BP-11, Plaintiff filed the instant Complaint. As such, Plaintiff's purported reason for failing to timely file a BP-11 is irrelevant, and the Court finds that Plaintiff failed to properly exhaust his administrative remedies.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge Patrick A. White (D.E. 35), issued on April 23, 2009, is **ADOPTED**;

2. Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment (D.E. 24) is **GRANTED**;

3. This case is **CLOSED**;

4. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2009.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**